**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON S., | No. 5:25-cv-02609-AYP |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Brandon S.[1] seeks review of the Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act. (Dkt. No. 1.)  The parties consented to proceed before the magistrate judge and thereafter filed briefs addressing the disputed issues. (Dkt. Nos. 4, 7, 10, 15, 16.)  The Court took the matter under submission without oral argument. For the reasons discussed below, the Court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

consistent with this Order.

## I.        BACKGROUND

On September 18, 2023, Plaintiff applied for disability insurance benefits, alleging disability since January 1, 2023.  (Administrative Record ("AR") 177-78.)  After his application was denied initially and upon reconsideration, he requested a hearing before an administrative law judge ("ALJ").  (AR 99-103, 105-08.)  The ALJ conducted a hearing on March 14, 2025, at which Plaintiff appeared with counsel and testified.  (AR 37-56.)  A vocational expert ("VE") also testified.  (AR 57-63.)

On May 5, 2025, the ALJ issued a decision denying benefits.  (AR 14-34.)  Following the five-step sequential evaluation process applicable to disability determinations,[2] the ALJ found that Plaintiff had the following "severe" impairments: degenerative disc disease of the lumbar spine, degenerative disc disease of the left shoulder, degenerative disc disease of the right elbow, degenerative disc disease of the right knee, post-traumatic stress disorder ("PTSD"), and attention deficit hyperactivity disorder ("ADHD").  (AR 20.)  The ALJ determined that Plaintiff nevertheless retained the residual functional capacity ("RFC") to perform light work with the following specific limitations: he could only occasionally climb ramps, stairs, ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; occasionally push and pull with the non-dominant left upper extremity; frequently push and pull with the dominant right upper extremity; occasionally reach overhead with the non-dominant left-upper extremity; must avoid concentrated exposure to loud noise,

---

[2] The ALJ determines disability using a five-step sequential evaluation process, which examines whether (1) the claimant engaged in substantial gainful activity, (2) the claimant has a severe impairment, (3) the impairment meets or equals a listed impairment, (4) the claimant is able to do past relevant work, and (5) the claimant is able to do any other work.  20 C.F.R. § 404.1520(a)(4).

fumes, odors, gases, and other pulmonary irritants, and hazards such as operational control of moving machinery and unprotected heights; could understand, remember, and carry out simple tasks; could have only occasional interaction with the general public and occasional work-related, non-personal, non-social interaction with co-workers and supervisors; and was limited to jobs requiring only simple work-related decisions; however, he could keep pace sufficient to complete tasks and meet quotas typically found in simple, unskilled work.  (AR 23.)

At step four, the ALJ determined that Plaintiff could not perform his past relevant work as an infantry unit leader, crew member, or instructor.  (AR 28.) At step five, relying on the VE's testimony, the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including subassembler, hand packager, and inspector.  (AR 28-29.) Accordingly, the ALJ concluded that Plaintiff was not disabled from his alleged onset date of January 1, 2023, through the date of the ALJ's decision, May 5, 2025.  (AR 29.)

On July 4, 2025, Plaintiff filed a request with the Appeals Council for review of the ALJ's decision.  (AR 173-76.)  The Appeals Council subsequently denied Plaintiff's request for review.  (AR 1-6.)

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is supported by substantial evidence and whether the proper legal standards were applied.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995).  "Substantial evidence" is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted).  In determining whether substantial evidence supports the ALJ's findings, the Court must review the administrative record as a whole, weighing

3

both the evidence that supports and the evidence that detracts from the ALJ's conclusion. *Ahearn v. Saul*, 988 F.3d 1111, 1115-16 (9th Cir. 2021). When the evidence can rationally be interpreted in more than one way, the Court must uphold the Commissioner's decision. *Id.*; *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).

**III.    DISCUSSION**

Plaintiff contends that the ALJ erred by failing to address his alleged need for a service dog when assessing his RFC. (Dkt. No. 10 at 5-7.) As discussed below, the Court agrees.

In assessing a claimant's RFC, an ALJ must consider all relevant evidence and include a narrative discussion describing how the evidence supports each conclusion. *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Although an ALJ need not discuss every piece of evidence, he may not ignore significant probative evidence without explanation. *See Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Here, Plaintiff testified that he required a service dog to manage symptoms associated with PTSD and anxiety, and the medical record documented Plaintiff's reported use of a service dog in connection with his treatment for PTSD. (AR 48, 55-56, 599, 912, 929, 989, 1453.) Plaintiff's counsel also elicited testimony from the VE indicating that an individual requiring a service animal would be unable to perform competitive employment. (AR 62-63.) Despite this evidence, the ALJ's decision failed to address whether Plaintiff's use of a service dog resulted in any work-related functional limitation or whether this evidence was accepted, rejected, or considered immaterial in formulating the RFC. (*See* AR 21-28.) Accordingly, the Court cannot determine whether the ALJ properly considered Plaintiff's service dog in assessing the RFC, and remand is warranted.

Defendant contends that Plaintiff failed to establish that his service dog

was medically required, analogizing to SSR 96-9p and cases involving hand-held assistive devices. (Dkt. No. 15 at 2-4.) The Court, however, need not decide whether those authorities apply to service animals. The ALJ did not find that Plaintiff failed to establish a medical need for a service dog or otherwise explain whether the evidence concerning Plaintiff's service dog was accepted, rejected, or found immaterial in assessing the RFC. The Court is constrained to review the reasons actually provided by the ALJ and may not affirm on a ground on which the ALJ did not rely. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (declining to affirm the ALJ's decision based on reasoning not relied on by the ALJ).

## IV.    REMEDY

The decision whether to remand for further proceedings or for an immediate award of benefits is within the Court's discretion. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). When there are outstanding issues that must be resolved before a disability determination can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if the evidence were properly evaluated, remand for further proceedings is appropriate. *Id.* In contrast, an immediate award of benefits is appropriate only where further proceedings would serve no useful purpose and the record has been fully developed. *Id.*

Here, remand for further administrative proceedings is appropriate because the ALJ failed to evaluate material evidence concerning Plaintiff's use of a service dog. The ALJ did not explain whether Plaintiff's reported need for a service animal resulted in any work-related functional limitations or whether that evidence was accepted, rejected, or deemed immaterial in formulating the RFC. Accordingly, remand is warranted so that the ALJ may properly consider

5

this evidence and reassess Plaintiff's RFC.[3]  *See Treichler*, 775 F.3d at 1101-05.

**V.      ORDER**

For the foregoing reasons, IT IS ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED:   July 6, 2026

_____

ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE

---

[3] Because remand is warranted on the ground discussed above, the Court need not reach Plaintiff's remaining claim of error.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012).